# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DS EXPRESS CARRIERS, INC., | Case No.: |
| Plaintiff, | Judge: |
| vs. | Magistrate Judge: |
| ANSONIA CREDIT DATA INC., *et al.*, | |
| Defendants. | |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, Defendants Ansonia Credit Data Inc. ("Ansonia") and Equifax, Inc. ("Equifax") (collectively, "Defendants") hereby give notice of removal of *DS Express Carriers, Inc. v. Ansonia Credit Data, Inc. and Equifax, Inc..*, Case No. CVC 2020 0729, from the Court of Common Pleas of Huron County, Ohio, to the United States District Court for the Northern District of Ohio, Western Division. Pursuant to 28 U.S.C. § 1446(a), Defendants provide the following statement of the grounds for removal:

### BACKGROUND

1.  On September 24, 2020, Plaintiff DS Express Carriers, Inc. ("Plaintiff"), on behalf of itself and a putative class of those similarly situated, filed a Complaint in the Court of Common Pleas of Huron County, Ohio, docketed as Case No. CVC 2020 0729, against Ansonia and Equifax. The Complaint alleges defamation against Defendants and seeks to hold Defendants jointly and severally liable. A true and accurate copy of the Complaint is attached hereto as Exhibit A.

2. Pursuant to 28 U.S.C. § 1446(a), a true and accurate copy of all process, pleadings, and orders served upon Defendants, and all documents filed in the state court action (other than the Complaint), are attached hereto as Exhibit B.

## VENUE AND JURISDICTION

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a) because the Court of Common Pleas of Huron County, Ohio, where the Complaint was filed, is a state court within the Northern District of Ohio, Western Division.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(a) and 1367(a) because (1) there is complete diversity of citizenship between the named Plaintiff and Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; (3) the Court has supplemental jurisdiction over the claims of any putative class members; (4) all other requirements for removal have been satisfied.

I. **THERE IS COMPLETE DIVERSITY OF CITENZENSHIP BETWEEN PLAINTIFF AND DEFENDANTS.**

5. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principle place of business." 28 U.S.C. § 1332(c)(1). In the class action context, only the citizenship of the named plaintiffs is considered in analyzing the presence of diversity. *See, e.g.*, *Supreme Tribe of Ben-Hur v. Cauble*, 255 U.S. 356 (1921). Plaintiff is a corporation organized under the laws of Ohio with its principal place of business in Ohio. (Compl. ¶ 1.) Defendant Ansonia is a corporation organized under the laws of South Dakota (incorrectly listed as Washington in the Complaint) with its principal place of business in Washington. Defendant Equifax is a corporation organized under the laws of Georgia with its principal place of business

in Georgia. (*Id.* ¶ 3.) Therefore, there is complete diversity of citizenship, as the named Plaintiff is a citizen of Ohio and Defendants are all citizens of states other than Ohio.

## II. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 WITH RESPECT TO THE NAMED PLAINTIFF.

6. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount in controversy allegations should be accepted when not contested by Plaintiff or questioned by the court." *Id.* at 87. In determining whether the amount in controversy is satisfied, the Court may consider compensatory and statutory damages, as well as punitive damages. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572-73 (6th Cir. 2001). Attorney's fees that are mandated or expressly allowed by statute are included in determining the amount in controversy. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007). Where, as here, a plaintiff seeks to hold multiple defendants jointly and severally for the same damages, the amount in controversy is aggregated as to all defendants. *See, e.g.*, *Sanborn Plastics Corp. v. St. Paul Fire & Marine Ins. Co.*, 753 F. Supp. 660, 663 (N.D. Ohio 1990)

7. Under Ohio law, in a tort action, a Plaintiff may recover up to two times the amount of compensatory damages in punitive damages. O.R.C. § 2315.21(D)(2)(a). If punitive damages are awarded, "the aggrieved party may also recover reasonable attorney fees." *Columbus Finance, Inc. v. Howard*, 327 N.E.2d 654, 658 (Ohio 1975). Accordingly, in calculating the amount in controversy under Ohio law, the Court should include both punitive damages and attorney's fees in addition to compensatory damages. *See, e.g.*, *Harrell v. Allstate Ins. Co.*, No. 1:11 CV 209, 2011 U.S. Dist. LEXIS 32600, at *9 (N.D. Ohio Mar. 28, 2011) (including attorney fees in amount-

in-controversy analysis because Ohio law allowed for fee award when defendant had been found liable for punitive damages)

8. In this case, Plaintiff alleges compensatory damages in excess of $25,000.00, exclusive of interest and costs; Plaintiff also seeks punitive damages and attorneys' fees. (Compl. at "WHEREFORE" clause) Therefore, since Plaintiff seeks at least $25,000.01 in compensatory damages, punitive damages of up to $50,000.02 could be awarded, as well as attorney's fees. Accordingly, the amount in controversy exceeds $75,000 as to the named Plaintiff. *See, e.g.*, *Stapleton v. Skyline Terrace Apartments*, No. 5:17-cv-02207, 2018 U.S. Dist. LEXIS 42032, at *10–11 (N.D. Ohio Mar. 14, 2018) (finding that amount in controversy exceeded $75,000 where plaintiff sought more than $25,000 in compensatory damages jointly and severally from Defendants plus punitive damages of up to two times compensatory damages).

### III. TO THE EXTENT REQUIREMENTS OF DIVERSITY JURISDICTION ARE NOT MET WITH REGARD TO ANY ABSENT CLASS MEMBER, SUPPLEMENTAL JURISDICTION EXISTS.

9. To the extent the requirements of diversity jurisdiction are not met with regard to any absent class member, the Court would have supplemental jurisdiction as the claims of all putative class members arise out of a common nucleus of operative facts so as to form part of the same case and controversy under Article III of the U.S. Constitution. *See* 28 U.S.C. § 1367(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

### IV. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

10. Equifax received service of the Complaint on September 29, 2020. The last day for Equifax to file the Notice of Removal is October 29, 2020, at the earliest. 28 U.S.C. § 1446(b)(1). Ansonia has not been served with the Complaint, and the deadline for removal by Ansonia has yet to run. *See, e.g.*, *Novak v. Bank of New York Mellon Trust Co.*, 783 F.3d 910, 911 (1st Cir. 2015)

(holding that defendant can remove prior to formal service of summons and complaint). Because this Notice of Removal was filed on October 27, 2020, removal is timely.

11. All Defendants have consented to or joined in the removal of this action to federal court.

## CONCLUSION

WHEREFORE, Defendants hereby remove this action from the Court of Common Pleas of Huron County to the United States District Court for the Northern District of Ohio, Western Division. By filing this Notice of Removal, Defendants do not waive any defense that may be available to them and reserve all such defenses. If any question arises as to the propriety of the removal to this Court, Defendants request the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

Respectfully submitted,

*/s/ Gregory D. Brunton*
Gregory D. Brunton, Trial Attorney (0061722)
Joseph K. Merical (0098263)
**GORDON REES SCULLY MANSUKHANI LLP**
41 South High Street, Suite 2495
Columbus, Ohio 43215
T: (614) 340-5558
F: (614) 360-2130
gbrunton@grsm.com
jmerical@grsm.com

*Attorneys for Defendants Ansonia Credit Data, Inc and Equifax, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the U.S. District Court, Northern District of Ohio, Western Division, on October 27, 2020, and served upon all parties who have appeared in this matter and registered with ECF via the Court's electronic filing system. A copy will also be served via electronic mail upon the following:

Steven B. Beranek
28039 Clemens Road
Westlake, OH 44145
T: (440) 871-4022
F: (440) 871-9567
sberanek@corsarolaw.com
*Attorney for Plaintiff*

                                          */s/ Gregory D. Brunton*
                                          Gregory D. Brunton    (0061722)